UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION – BAY CITY

IN RE:

JERMAINE MAURICE FRANKLIN, JR.,   Case No. 21-20657-dob
                                   Chapter 7 Proceeding
      Debtor.                    Hon. Daniel S. Opperman
_____/

MARK HAAK,
    Plaintiff,

v.                                 Adversary Proceeding
                                   Case No. 21-02032-dob

JERMAINE MAURICE FRANKLIN, JR.,
    Defendant.
_____/

OPINION REGARDING DEFENDANT JERMAINE FRANKLIN'S MOTION TO DISMISS
ADVERSARY PROCEEDING FOR LACK OF SUBJECT MATTER JURISDICTION

Introduction

Plaintiff, Mark Haak, filed a Complaint against Defendant, Jermaine Franklin, seeking a determination as to nondischargeability of Mr. Franklin's obligation to him under 11 U.S.C. § 523, objecting to Mr. Franklin's discharge under 11 U.S.C. § 727, and a declaratory judgment regarding a Boxer-Manager Contract between the parties. After a bench opinion, the Court entered an Order on February 7, 2022 denying a previous Motion to Dismiss/Motion for Summary Judgment brought by Mr. Franklin concluding that Mr. Haak had stated a claim for relief under Federal Rule of Civil Procedure 12(b)(6) and that sufficient factual issues existed to prohibit a grant of summary judgment. As part of its bench opinion, this Court concluded that it has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 157(b)(2)(I)/(J), because

Mr. Haak seeks a determination as to the dischargeability of particular debts, or because he objects to Mr. Franklin's discharge.

In Mr. Franklin's bankruptcy case, the Court entered an Order Granting Debtor's Second Motion To Enforce Rejection of Boxer/Manager Contract Under 11 U.S.C. § 365(d)(1) and Fed. R. Bankr. P. 6006(a). This Order was entered on April 12, 2022, after an Opinion was entered on March 28, 2022. That Order applied to Mr. Franklin's post-petition obligations to Mr. Haak, stating, in relevant part, as follows:

> IT IS HEREBY ORDERED the Second Motion is GRANTED;
>
> IT IS FURTHER HEREBY ORDERED that Debtor is not required to perform the Contract (as defined in the Opinion and hereafter referenced), including any exclusivity, payment, or other obligations owed to Mr. Haak under the Contract, effective June 4, 2021. Mr . Haak shall not attempt to enforce exclusivity provisions, demand any payment from any purse, nor manage Debtor nor interfere with his management; and
>
> IT IS FURTHER HEREBY ORDERED proceedings is lifted for the that the automatic stay in these limited purpose of allowing Mr. Haak to return to the United States District Court for the Eastern District of Michigan to determine the issues of whether (1) the Contract is governed by Pennsylvania or Michigan law and (2) under the applicable law, Mr. Haak's damages from Debtor's nonperformance of the Contract can be calculated at a monetary level or if Mr. Haak's relief is limited only to equitable relief.

Mr. Franklin now files this second Motion to Dismiss Mr. Haak's Complaint, as amended, this time under Rule 12(b)(1), challenging this Court's subject matter jurisdiction. Mr. Franklin argues that Mr. Haak lacks Article III standing because Mr. Haak cannot enforce Mr. Franklin's performance under the Boxer-Manager Contract per the Court's April 12, 2022 Order Granting Debtor's Second Motion To Enforce Rejection.[1] Mr. Franklin further argues that Mr. Haak holds no other claim subject to discharge against Mr. Franklin. This means, as argued by Mr. Franklin, that Mr. Haak cannot be considered a creditor of Mr. Franklin. Mr. Franklin argues

---

[1] An appeal of this Order is currently pending in the United States District Court, Case No. 22-cv-10899.

that this is further supported by the fact that Mr. Haak did not file a claim in Mr. Franklin's bankruptcy case. Mr. Franklin argues that Mr. Haak, as a non-creditor, lacks standing to bring this Section 523 and Section 727 action against him.

Mr. Haak opposes this Motion for a number of reasons. As to Article III standing, which is not waivable, Mr. Haak asserts that he meets the requirements because he has an "injury in fact" caused by Debtor that this Court can redress by a favorable decision. Mr. Haak argues that any determination as to Article III standing has already been determined by this court when it entered the February 7, 2022 Order denying Mr. Franklin's Motion for Summary Judgment/Motion To Dismiss. Mr. Haak further asserts he has statutory standing as a claim holder against Mr. Franklin under the Bankruptcy Code, and that Mr. Franklin has waived any argument regarding statutory standing because such is not jurisdictional. Mr. Haak raises other arguments in support of his opposition of this Motion, which are not relevant for purposes of this Opinion.

For the reasons stated in this Opinion, the Court denies Mr. Franklin's instant Motion.

<u>Jurisdiction</u>

The issue before the Court is whether it has subject matter jurisdiction under Rule 12(b)(1).

<u>Discussion of Authorities</u>

"'Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1).'" *Stalley ex rel. U.S. v. Orlando Reg. Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (quoting *Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1203 n.42 (11th Cir. 1991)).

The issue of standing Mr. Franklin raises is constitutional, or Article III Standing, which is standing under the Case or Controversy Clause of the U.S. Constitution, Article III, Section 2, Clause 1. In *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992), the United States Supreme Court identified three requirements for standing in a federal court:

(1) Injury in Fact: This involves an "invasion of a legally protected interest" that is also "concrete and particularized" and is "actual or imminent," as opposed to "conjectural or hypothetical." This injury does not have to be an economic injury, so long as it is one directly affecting the plaintiff. *Lujan*, 504 U.S. at 560.

(2) Causation: A plaintiff's injury must be "fairly traceable" to the conduct that is the subject of the lawsuit and cannot have resulted from actions by someone who is not a party to the lawsuit. *Id*.

(3) Likelihood of Redress: The redress requested by the plaintiff must be "likely" and more than "merely speculative," and provide an adequate remedy for the plaintiff's injuries. *Id*. at 561.

In 2016, the United States Supreme Court decided the case of *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339-40 (2016), in which it addressed the "injury in fact" element, holding that a plaintiff seeking redress for a statutory violation must show a "concrete injury" as opposed to a purely procedural or technical violation of the statute. The Sixth Circuit Court of Appeals expanded on the meaning of "concrete injury," holding that it meant an injury that is "real, not abstract, actual, not theoretical, concrete, not amorphous." *Huff v. Telecheck Servs., Inc.*, 923 F.3d 458, 462 (6th Cir. 2019) (citing *Spokeo*, 578 U.S. at 339).

Analysis

Mr. Haak's injury is his loss of the right to enforce the Boxer-Manager Contract, specifically Section 2.A, which provides that Mr. Haak would be paid thirty percent of any proceeds from boxing services performed.[2] This loss and resulting injury were caused by Mr. Franklin's failure to comply with this term of the Contract.

In this adversary proceeding, Mr. Haak requests that this Court find that the obligation owing to him by Mr. Franklin be declared nondischargeable and further seeks a declaratory judgment regarding a Boxer-Manager Contract between the parties. If this obligation were discharged, Mr. Franklin would not be required to honor this obligation under the Contract and would remove Mr. Haak's ability to enforce collection of thirty percent of the proceeds. A judgment by this Court finding nondischargeable the thirty percent contract obligation owing to Mr. Haak by Mr. Franklin would provide Mr. Haak with the likelihood of redress and serve as an adequate remedy for Mr. Haak's injuries. The same is true if Mr. Haak alternatively seeks the $25,000 amount option. Accordingly, the Court concludes that all three requirements for Article III standing have been met.

The issue of statutory standing must also be addressed as such was raised at the oral argument on this Motion. Mr. Haak, as a judgment creditor of Mr. Franklin, could have filed a claim in Mr. Franklin's bankruptcy case per the Notice to File Proof of Claim Due to Recovery of Assets entered on July 31, 2021. This Notice required creditors who wished to share in the distribution of funds recovered by the Trustee on behalf of the bankruptcy estate to file a proof of

---

[2] At oral argument, counsel for Mr. Haak conceded that under his election of remedies he would seek to enforce either his right to thirty percent of the Boxer-Manager Contract, or the $25,000 amount previously raised by Mr. Haak as a claim for damages. Mr. Haak exercised his right to extend the duration of the Contract by paying Mr. Franklin $25,000, which was placed in escrow because of the pending litigation. After the appeal was taken, the District Court entered an order indicating the $25,000 should be released and the parties agreed the $25,000 should be released to Mr. Franklin on May 14, 2021. On June 3, 2021, the District Court entered a stipulated order that the $25,000 was paid to Mr. Franklin. Mr. Franklin filed a petition seeking Chapter 7 relief on June 4, 2021, along with Schedules and Statement of Financial Affairs. Thus, Mr. Haak alternatively claims the $25,000 as damages.

claim on before October 26, 2021. Mr. Haak did not file a claim by this deadline and has not filed a claim to date. Mr. Haak did timely file this Adversary Proceeding on October 12, 2021 per the extension of the deadline in a Stipulated Order entered on September 2, 2021. While he did not file a claim in Mr. Franklin's bankruptcy case, he is still a "creditor" of Mr. Franklin holding a "claim" against Mr. Franklin. Under 11 U.S.C. § 101(10), a "creditor" is one having a "claim" against a debtor arising at or before the bankruptcy filing. A "claim" is defined under 11 U.S.C. § 101(5) as:

> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
>
> (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

Mr. Haak is a "creditor" holding a "claim" against Mr. Franklin because the thirty percent of proceeds obligation is a right to payment. The exact amount may not be liquidated and is contingent upon the amount of proceeds, but it is nonetheless a right to payment. The same conclusion is reached if Mr. Haak chooses to exercise the alternate remedy of seeking the $25,000. This conclusion is further supported by the April 12, 2022 Order Granting Debtor's Motion to Enforce Rejection, which specifically preserved the issue of "Mr. Haak's damages from Debtor's nonperformance of the Contract" and whether such "can be calculated at a monetary level or if Mr. Haak's relief is limited only to equitable relief." Whether it be monetary or equitable relief, both satisfy the definition of a "claim" under Section 101(5), which provides Mr. Haak with statutory standing.

For these reasons, the Court concludes Mr. Haak has both Article III standing and statutory, which confers subject matter jurisdiction of this Adversary Proceeding upon this Court.

Accordingly, the Court concludes that Mr. Franklin's Motion To Dismiss is denied. The Court enters an Order contemporaneous with this Opinion.

**Signed on August 24, 2022**



/s/ Daniel S. Opperman

Daniel S. Opperman
United States Bankruptcy Judge